IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02292-PAB

STANLEY M. POHL,
ZINAIDA Q. POHL,

      Plaintiffs,

v.

US BANK N.A., individually in its corporate
capacity,
US BANK as trustee of the Merrill Lynch
First Franklin Mortgage Loan Trust
Asset-Backed Certificates, Series 2007-4
("TRUST"),
LAWRENCE E. CASTLE, in his corporate
capacity,
LAWRENCE E. CASTLE, in his individual
capacity,
CASTLE LAW GROUP, LLC (formerly Castle
Stawiarski LLC),
MERS, a division of MERSCORP INC.,
CAREN JACOBS CASTLE, attorney for MERS,
partner in the CASTLE LAW GROUP LLC and
Wife to defendant Lawrence E. Castle, in her
corporate and individual capacity,
ROBERT J. HOPP, in his corporate capacity,
ROBERT J. HOPP, in his individual capacity,
DEBRA JOHNSON, PUBLIC TRUSTEE of
Denver County,
SHERIFF ELIAS DIGGINS, County of Denver;
and
DOES 1-20,

      Defendants.

_____

# ORDER
_____

This matter is before the Court on the Emergency Motion for Temporary

Restraining Order (TRO) And Preliminary Injunction [Docket No. 3] filed by plaintiffs

Stanley M. Pohl and Zinaida Q. Pohl ("plaintiffs") on August 19, 2014.[1]  Plaintiffs' motion

seeks a temporary restraining order ("TRO") and a preliminary injunction  staying an

August 19, 2014 eviction hearing and all future eviction proceedings in *U.S. Bank v.*

*Pohl*, Case No. 14C65037 (County Court, Denver, Colorado).  This order only

addresses the merits of that portion of plaintiffs' motion seeking a TRO.

According to plaintiffs, on March 11, 2013, the Denver District Court entered an

order approving the sale of their home.  Docket No. 3 at 11, ¶ 15.  Plaintiffs originally

brought suit in this Court against defendant U.S. Bank National Association ("U.S.

Bank") on April 24, 2013, alleging causes of action for breach of contract, wrongful

attempt to take possession of unsecured property, wrongful foreclosure, violation of the

Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*, and quiet title in relation

to the foreclosure and sale of their home.[2]  *See Pohl et al. v. U.S. Bank National*

*Association et al.*, ("*Pohl* I"), Case No. 13-cv-01092-PAB-MJW, Docket No. 1.  On

January 10, 2014, defendant U.S. Bank filed a motion to dismiss *Pohl* I for lack of

prosecution and as discovery sanction, arguing that plaintiffs had failed to serve written

discovery prior to the discovery cutoff date, had failed to appear for noticed depositions,

and had provided untimely and evasive answers to the defendants' written discovery.

 *Id.* (Docket No. 40 at 5-7).  On January 14, 2014, plaintiffs voluntarily dismissed their

---

[1]Because plaintiffs are *pro se* litigants, the Court construes their filing liberally.
*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,
1110 (10th Cir. 1991).

[2]A third plaintiff, Prince Song Cambilargiu, was named in the complaint in *Pohl* I,
but does not appear as a plaintiff in this matter.

complaint, which, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), was without prejudice. *Id.* (Docket No. 45).

On July 26, 2014, plaintiffs received a Demand for Possession. Docket No. 3 at 11, ¶ 15. Then, on August 9, 2014, plaintiffs received a notice to appear in court on August 19, 2014 for an unspecified proceeding related to a pending action for eviction. *Id.* ¶ 20. Plaintiffs indicate that the eviction matter is scheduled for a court trial on August 26, 2014 at 8:45 a.m. *Id.* at 18. On August 18, 2014, plaintiffs filed a Motion to Reopen Case and a Motion for Temporary Restraining Order ("TRO") in the original action. *Pohl* I (Docket Nos. 47-48). On August 19, 2014, plaintiffs withdrew their motions in the original action, *id.* Docket No. 49, initiated this action, and filed the present motion.

The Court first addresses the question of whether plaintiffs are entitled to an *ex parte* hearing on their TRO motion. Pursuant to Fed. R. Civ. P. 65(b)(1)(a), a TRO may only be issued without notice to opposing parties if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Moreover, Local Rule 65.1 requires that an "unrepresented party" filing a motion for a TRO must file a certificate that either (1) states that "actual notice of the time of filing the motion, and copies of all pleadings and documents filed in the action to-date or to be presented to the court at the hearing" have been provided to *counsel* for opposing parties, or (2) describes the efforts made to provide opposing parties with notice and copies of the required documents. Here, plaintiffs' affidavit only described efforts to provide notice to a single defendant, U.S. Bank. Docket No. 3 at 18. Plaintiff provided notice to U.S.

Bank by mailing a copy of the documents to the attorney who represents U.S. Bank in the pending eviction proceeding.[3]  *Id.*  Because plaintiffs neither served all defendants with actual notice nor described their efforts to do so, they are not entitled to an *ex parte* hearing on their motion for a TRO.

The Court will now turn to the merits of plaintiffs' motion.  To justify the issuance of a preliminary injunction or temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).  Plaintiffs fail to establish that immediate or irreparable injury will result before this matter can be set for a preliminary injunction hearing.  *See Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1172 (7th Cir. 1997) ("a plaintiff who cannot show any irreparable harm at all from the withholding of a preliminary injunction is not entitled to the injunction however strong his case on the merits, for he has no need for preliminary relief in such a case, no need therefore to short circuit the ordinary processes of the law"); see also *U.S. Bank N.A. v. Turquoise Properties Gulf, Inc.*, 2010 WL 2594866 at *5 (S.D. Ala. June 18, 2010) (denying motion for TRO where plaintiff "failed to make a sufficient showing of irreparable injury"); *Fasi v. HSBC Bank USA, N.A.*, No. 12-cv-03290-PAB, 2013 WL 50434 at *3 (D. Colo. Jan. 3,

_____

[3]On August 20, 2014, the day after they filed this motion, plaintiffs filed proofs of service of summons on defendants Castle Law Group, LLC, Debra Johnson, and U.S. Bank.  Docket Nos. 5-7.  Plaintiff has provided no indication that the remaining defendants have been served or otherwise put on notice of this motion.

2013) (where plaintiff fails to demonstrate a likelihood that she will suffer irreparable harm in the absence of a TRO, "[t]he Court need not reach the other factors of the inquiry.").

Before the Court sets this matter for a preliminary injunction hearing, plaintiffs must provide two things: first, plaintiffs must file proof that they have complied with the notice requirements of Fed. R. Civ. P. 65(a) and Local Rule 65.1.  Second, plaintiffs must file a brief explaining why their request for a preliminary injunction is not barred by either the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine.  The *Rooker-Feldman* doctrine "precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court."  *Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1261 (10th Cir. 2012).  As the Tenth Circuit has held, *Rooker-Feldman* bars claims that would undo final foreclosure proceedings.  *Dillard v. Bank of New York*, 476 F. App'x 690, 692 n.3 (10th Cir. 2012) (unpublished).  Thus, one question that plaintiffs' motion raises is whether the injunctive relief that plaintiffs seek would risk undoing the March 11, 2013 order approving the sale of plaintiffs' home.  The abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal district court from interfering in an ongoing state proceeding.  *See Gordon v. Wells Fargo Bank., N.A.*, No. 11-cv-00123-LTB, 2011 WL 864860 at *2 (D. Colo. March 11, 2011) (declining to enjoin pending eviction proceeding).

Therefore, it is

**ORDERED** that the portion of Docket No. 3 seeking an Emergency Motion for Temporary Restraining Order is **DENIED.**

5

DATED August 20, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge