IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02292-PAB

STANLEY M. POHL,
ZINAIDA Q. POHL,

    Plaintiffs,

v.

US BANK N.A., individually in its corporate capacity,
US BANK as trustee of the Merrill Lynch First Franklin Mortgage Loan Trust
Asset-Backed Certificates, Series 2007-4 ("TRUST"),
LAWRENCE E. CASTLE, in his corporate capacity,
LAWRENCE E. CASTLE, in his individual capacity,
CASTLE LAW GROUP, LLC (formerly Castle Stawiarski LLC),
MERS, a division of MERSCORP Inc.,
CAREN JACOBS CASTLE, attorney for MERS, partner in the Castle Law Group, LLC, and wife to defendant Lawrence E. Castle, in her corporate and individual capacity,
ROBERT J. HOPP, in his corporate capacity,
ROBERT J. HOPP, in his individual capacity,
DEBRA JOHNSON, PUBLIC TRUSTEE of Denver County,
SHERIFF ELIAS DIGGINS, County of Denver; and
DOES 1-20,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Emergency Motion for Temporary Restraining Order (TRO) And Preliminary Injunction [Docket No. 9] filed by plaintiffs Stanley M. Pohl and Zinaida Q. Pohl ("plaintiffs") on August 21, 2014.[1] Plaintiffs' motion seeks a temporary restraining order ("TRO") and a preliminary injunction enjoining

---

[1] Because plaintiffs are *pro se* litigants, the Court construes their filing liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

defendant U.S. Bank N.A. ("U.S. Bank") from holding an online auction to sell the property in which plaintiffs are living. The auction is set to begin on August 22, 2014 and will run until August 28, 2014. Docket No. 9 at 1-2. According to earlier filings by plaintiffs in this case, U.S. Bank purchased plaintiffs' residence, located at 2505 Alameda Circle in Denver, Colorado, at a foreclosure sale on January 3, 2013. Docket No. 3 at 4, ¶ 13.

Plaintiffs originally brought suit in this Court against U.S. Bank on April 24, 2013, alleging causes of action for breach of contract, wrongful attempt to take possession of unsecured property, wrongful foreclosure, violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*, and quiet title in relation to the foreclosure and sale of their home.[2] *See Pohl et al. v. U.S. Bank Nat'l Ass'n et al.*, ("*Pohl I*"), Case No. 13-cv-01092-PAB-MJW, Docket No. 1. On January 14, 2014, plaintiffs voluntarily dismissed their complaint, which, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), was without prejudice. *Id.* (Docket No. 45).

On July 26, 2014, plaintiffs received a Demand for Possession. Docket No. 3 at 11, ¶ 15. Plaintiffs indicate that an eviction matter is scheduled for a court trial on August 26, 2014 at 8:45 a.m. in Denver County Court. *Id.* at 18. On August 18, 2014, plaintiffs filed a Motion to Reopen Case and a Motion for Temporary Restraining Order ("TRO") in the original action. *Pohl I* (Docket Nos. 47-48). On August 19, 2014, plaintiffs withdrew their motions in *Pohl I*, *id.* (Docket No. 49), initiated this action, and filed a motion for a TRO and preliminary injunction enjoining their eviction process.

---

[2] A third plaintiff, Prince Song Cambilargiu, was named in the complaint in *Pohl I*, but does not appear as a plaintiff in this matter.

Docket No. 3.  The Court denied the portion of plaintiffs' August 19, 2014 motion seeking a TRO on the grounds that plaintiffs failed to comply with the procedural requirements of D.C.COLO.LCivR 65.1 and Fed. R. Civ. P. 65(b) and failed to demonstrate that irreparable harm would occur if a TRO was not issued.  *See generally* Docket No. 8.  The Court then directed plaintiffs to provide proof of compliance with the notice requirements of Fed. R. Civ. P. 65(a) and Local Rule 65.1 and to file a brief explaining why their request for injunctive relief was not barred by either the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine, at which point the Court would set a hearing on plaintiffs' motion for a preliminary injunction.  *Id.* at 5.  The day after their first motion for a TRO was denied, plaintiffs filed the instant motion.

The Court first addresses the question of whether plaintiffs are entitled to an *ex parte* hearing on their TRO motion.  Pursuant to Fed. R. Civ. P. 65(b)(1)(a), a TRO may only be issued without notice to opposing parties if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Moreover, Local Rule 65.1 *requires* that an "unrepresented party" filing a motion for a TRO *must* file a certificate that either (1) states that "actual notice of the time of filing the motion, and copies of all pleadings and documents filed in the action to date or to be presented to the court at the hearing" have been provided to counsel for opposing parties, or (2) describes the efforts made to provide opposing parties with notice and copies of the required documents.  D.C.COLO.LCivR 65.1(a).  Plaintiffs' TRO is accompanied by a "Certification of Mailing" that indicates that they provided notice to a single defendant, U.S. Bank, as well as non-parties the Attorney General of Colorado and the American

Civil Liberties Union. Docket No. 9 at 13. Because plaintiffs neither served all defendants with actual notice nor described their efforts to do so, they are not entitled to an *ex parte* hearing on their motion for a TRO.[3]

The Court will now turn to the merits of plaintiffs' motion. To justify the issuance of a preliminary injunction or temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).

Plaintiffs fail to establish likelihood of success on the merits. By plaintiffs' own admission, U.S. Bank purchased their home in January 2013. Docket No. 3 at 4, ¶ 13. Lacking a possessory interest in the property, plaintiffs fail to establish any basis to enjoin U.S. Bank's right to sell the property. *See Wendt v. Smith*, 2003 WL 21750676, at *3 (C.D. Cal. Jan. 30, 2003) (denying preliminary injunction motion to prevent enforcement of eviction order in part because plaintiffs had no possessory interest in the property).

The Court next addresses the issue of irreparable harm. Given that plaintiffs have failed to show any right to occupy the property and therefore fail to demonstrate a right to enjoin the auction, plaintiffs also fail to show why monetary damages will not compensate them if they prevail in this litigation. Plaintiffs plead multiple claims that, if

---

[3] Plaintiffs do not allege that U.S. Bank is the only named defendant with an interest in the relief they seek in this motion.

proven, would entitle them to monetary damages.[4] Plaintiffs accordingly cannot demonstrate irreparable harm justifying issuance of an injunction. *RoDa Drilling Co.*, 552 F.3d at 1210 ("a plaintiff satisfies the irreparable harm requirement by demonstrating a significant risk that he or she will experience harm that *cannot be compensated after the fact by monetary damages*") (quotations omitted and emphasis added). Plaintiffs are therefore not entitled to a TRO. *See Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1172 (7th Cir. 1997) ("a plaintiff who cannot show any irreparable harm at all from the withholding of a preliminary injunction is not entitled to the injunction however strong his case on the merits, for he has no need for preliminary relief in such a case, no need therefore to short circuit the ordinary processes of the law"); *see also U.S. Bank N.A. v. Turquoise Props. Gulf, Inc.*, 2010 WL 2594866 at *5 (S.D. Ala. June 18, 2010) (denying motion for TRO where plaintiff "failed to make a sufficient showing of irreparable injury"); *Fasi v. HSBC Bank USA, N.A.*, No. 12-cv-03290-PAB, 2013 WL 50434 at *3 (D. Colo. Jan. 3, 2013) (finding that where plaintiff fails to demonstrate a likelihood that she will suffer irreparable harm in the absence of a TRO, "[t]he Court need not reach the other factors of the inquiry.").

Therefore, it is

---

[4]Plaintiffs plead claims for relief under 42 U.S.C. § 1983 (providing that every person who, under color of law, deprives a plaintiff of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law") and § 1985 (where claim of conspiracy to interfere with civil rights is proven, "the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators"). "[T]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

**ORDERED** that plaintiffs' Motion For Emergency Temporary Restraining Order (TRO) And Preliminary Injunction, Docket No. 9, is **DENIED.**

DATED August 22, 2014.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge