IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02292-PAB-MJW

STANLEY M. POHL and
ZINAIDA Q. POHL,

Plaintiff(s),

v.

US BANK N.A. individually in its corporate capacity;
US BANK, as trustee for Merrill Lynch First Franklin Mortgage Loan Trust Back Certificates Series 2007-4;
MERS, a division of MERSCORP INC.,
DEBRA JOHNSON, Public Trustee of Denver County; and
all unknown persons who claim any interest in the subject matter of this action.

Defendant(s).

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      It is hereby ORDERED that the Motion for Leave to Amend Answers and Affirmative Defenses (Docket No. 118), filed by defendants U.S. Bank, N.A. as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust Asset-Backed Certificates Series 2007-4, U.S. Bank, N.A., individually, and Mortgage Electronic Registration Systems, Inc., is **granted**. The Tendered U.S. Bank, N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust Asset-Back Certificates Series 2007-4'S Second Amended Answer to Plaintiffs' First Amended Complaint (Docket No. 118-1) is accepted for filing as of the date of this Minute Order.

      The motion is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient

2

> standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

<u>Pumpco, Inc. v. Schenker Int'l, Inc.</u>, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted).  Substantially for the reasons stated in the Reply (Docket No. 126), this court finds that the moving defendants have satisfied this first step in the analysis and have established good cause to extend the deadline within which they may seek leave to amend their answer.

The second step is consideration of whether the moving defendants have satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

<u>Id.</u> at 669 (citation omitted).  Based upon this standard, and substantially for the reasons stated in the Reply (Docket No. 126), this court finds that the proposed amendment should be permitted.  The court notes that the discovery deadline was recently amended up to and including March 23, 2016, for a limited purpose.  (Docket No. 136).  In the event the parties believe that additional discovery is warranted in light of these amendments, they may move to reopen discovery for a reasonable period and to alter any other deadlines.  Thus, any prejudice that might arise from these amendments is capable of being cured.

<u>Date: December 21, 2015</u>