IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02292-PAB-MJW

STANLEY M. POHL and
ZINAIDA Q. POHL,

Plaintiffs,

v.

U.S. BANK, as trustee for Merrill Lynch First Franklin Mortgage Loan Trust Back
Certificates Series 2007-4;
DEBRA JOHNSON, Public Trustee of Denver County; and
all unknown persons who claim any interest in the subject matter of this action.

Defendants.

---

**REPORT & RECOMMENDATION ON PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT (Docket No. 90) AND DEFENDANT U.S. BANK'S
CROSS-MOTION FOR SUMMARY JUDGMENT (Docket No. 108)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This lawsuit relates to a note and deed of trust ("Note and Deed of Trust")

entered into by plaintiffs secured by real property located at 2505 East Alameda Circle,

Denver, Colorado (the "Property").  Plaintiffs bring six claims against Defendant U.S.

Bank[1] relating to the Note and Deed of Trust and the eventual foreclosure on the

Property.  (Docket No. 52, pp. 9-11.)  First, Plaintiffs seek rescission of the foreclosure

sale.  (*Id.* at 9.)  Second, Plaintiffs request a declaratory judgment regarding ownership

---

[1]  Plaintiffs' claims against previous defendants were dismissed by the Court on
February 4, 2016 (Docket No. 146) pursuant to a stipulation filed by the parties.  (Docket No.
122.)  Further, on July 24, 2015, the parties stipulated to the dismissal of plaintiffs' seventh and
eighth claims for relief.  (Docket No. 105.)  Notably, Defendant Debra Johnson is named in her
official capacity so that she is bound by any decisions of this Court.  (Docket No. 52, pp. 9-10.)
Therefore, there are no factual allegations regarding her conduct.

of the Property.  (*Id.*)  Third, Plaintiffs ask the Court to quiet title to the Property.  (*Id.* at 9-10.)  Fourth, Plaintiffs bring a claim for violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, et seq.  (*Id.*)  Fifth, Plaintiffs bring claims under the Federal Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Equal Credit Opportunity Act ("ECOA"), arguing that not all of the disclosures required by TILA were made by the lender at the time they entered into the Note and Deed of Trust.  (*Id.* at 11.)  Finally, Plaintiffs bring a breach of the covenant of good faith and fair dealing claim.  (*Id.*)

The parties' competing motions for summary judgment (Docket Nos. 90 & 108) have been referred to the undersigned for a recommendation regarding disposition. (Docket Nos. 91 & 109.)  In Plaintiffs' Motion for Partial Summary Judgment (Docket No. 90) ("Plaintiffs' Motion"), Plaintiffs seek summary judgment in their favor as to claims one, two, and three.  In Defendant U.S. Bank's Cross-Motion for Summary Judgment (Docket No. 108) ("Defendant's Motion"), Defendant U.S. Bank moves for summary judgment in its favor as to all six claims.  Because the briefing of the motions addresses the same legal issues, the Court addresses them together.  In support of their motion, Plaintiffs filed a Statement of Undisputed Material Facts (Docket No. 99) and a reply (Docket No. 116).  In opposition to Plaintiffs' Motion, Defendant U.S. Bank filed a response (Docket No. 107.)  In opposition to Defendant's Motion, Plaintiff filed a response (Docket No. 117.)  In support of its motion and in opposition to Plaintiffs' Motion, Defendant U.S. Bank filed: a Request for Judicial Notice (Docket No. 120), Supplemental Authority in Support of Response to Plaintiffs' Motion for Summary Judgment (Docket No. 121), a reply (Docket No. 123), Second Supplemental Authority

2

in Support of Response to Plaintiffs' Motion for Summary Judgment (Docket No. 124),

and Third Notice of Supplemental Authority in Support of Cross-Motion for Summary

Judgment and Response to Plaintiffs' Motion for Partial Summary Judgment (Docket

No. 142).  Plaintiffs also filed a response to Defendant's Third Notice of Supplemental

Authority (Docket No. 145).  The Court has reviewed the motions and other filings

submitted by the parties, taken judicial notice of the Court's file in this case, and

reviewed the applicable Federal Rules of Civil Procedure, case law, and statutes.  Now

being fully informed, the Court makes the following findings, conclusions, and

recommendation that Plaintiff's Motion (Docket No. 90) be denied and that Defendants'

Motion (Docket No. 108) be granted.

### **Standard of Review**

As Judge Brimmer recently explained:

> Summary judgment is warranted under Federal Rule of Civil Procedure 56
> when the "movant shows that there is no genuine dispute as to any
> material fact and the movant is entitled to judgment as a matter of law."
> Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
> 248-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A disputed fact is
> "material" if under the relevant substantive law it is essential to proper
> disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-
> 32 (10th Cir. 2001). Only disputes over material facts can create a
> genuine issue for trial and preclude summary judgment. *Faustin v. City &
> Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is
> "genuine" if the evidence is such that it might lead a reasonable jury to
> return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837,
> 839 (10th Cir. 1997). "In applying this standard, we view all facts and any
> reasonable inferences that might be drawn from them in the light most
> favorable to the nonmoving party." *Henderson v. Inter-Chem Coal Co.*,
> Inc., 41 F.3d 567, 569 (10th Cir. 1994).

*Bovino v. MacMillan*, 28 F.Supp.3d 1170, 1174 (D. Colo. 2014).

**Material Undisputed Facts**

After reviewing the parties' filings, the Court finds the following to be material

undisputed facts:

• Defendant U.S. Bank initiated proceedings to foreclose on the Property on or about July 7, 2011. (Docket No. 108 at 4 & Docket No. 117 at 6.)

• Plaintiffs file a Voluntary Petition under Chapter 7 of the Bankruptcy Code on July 29, 2011. (Docket No. 108 at 4, Docket No. 117 at 6, & Docket No. 120-1[2] at 28-80.)

• On the Voluntary Petition, Plaintiffs list a mortgage on the Property held by Bank of America valued at $536,450.00 as a secured claim. (Docket No. 120-1 at 44.)

• Plaintiffs did not mark the mortgage as "disputed" on the Voluntary Petition. (*Id.*)

• Plaintiffs did not disclose any claim against Defendant U.S. Bank in Schedule B of their Voluntary Petition. (Docket No. 108 at 4, Docket No. 117 at 6, & Docket No. 120-1 at 40-42.)

• The bankruptcy court closed Plaintiffs' bankruptcy case on December 17, 2012. (Docket No. 108 at 4, Docket No. 117 at 6, & Docket No. 120-1 at 82.)

• The Property was sold at a foreclosure sale on January 3, 2013. (Docket No. 108 at 4 & Docket No. 117 at 6.)

• On August 3, 2012, Plaintiffs and a nonparty filed an action against Defendant U.S. Bank and others in the Colorado district court in Denver, Colorado (the

---

[2] Pursuant to Fed. R. Evid. 201, Defendant U.S. Bank requested that the Court take judicial notice of certain records from the bankruptcy case and certain records from a state court case filed by Plaintiffs. (Docket No. 120.) As required by Fed. R. Evid. 201(c)(2), the Court has taken judicial notice of the records provided by Defendant U.S. Bank. *See Barnes v. United States*, 776 F.3d 1134, 1137 n.1 (10th Cir. 2015) (taking judicial notice of records from earlier criminal and civil cases); *United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *Stack v. McCotter*, 79 F.App'x 383, 391 (10th Cir. 2003) (unpublished) (taking judicial notice of state court record) (citing Fed. R. Evid. 201 and *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)); *Armstrong v. JPMorgan Chase Bank, N.A.*, No. 13-cv-02930-RBJ, 2014 WL 1363934, at *2-3 (D. Colo. Apr. 7, 2014) (taking judicial notice of the plaintiffs' Chapter 7 bankruptcy filings), *aff'd*, — F.App'x —, 2015 WL 8593408 (10th Cir. Dec. 14, 2015).

4

"State Court Case").  (Docket No. 120-1 at 2-24.)

• Among other things, in the State Court Case, Plaintiffs asked the state court to quiet title to the Property in their favor.  (*Id.* at 12-14.)

• On October 16, 2012, the state court judge granted Defendant U.S. Bank's motion to dismiss the State Court Case in full and dismissed the lawsuit.  (*Id.* at 26.)

## Analysis

### *Standing*

Because Defendant U.S. Bank argues that Plaintiffs lack standing to bring certain claims, the Court addresses this issue first.  *See Brumfiel v. U.S. Bank*, 618 F.App'x 933, 937 (10th Cir. 2015) (unpublished) (addressing standing as a threshold issue). When a debtor files a petition under Chapter 7 of the Bankruptcy Code, he or she must file schedules listing all assets and liabilities—including all legal or equitable interests in the property—at the commencement of the action.  *See* 11 U.S.C. § 521(a)(1)(B)(i); *id.* at § 541(a)(1); *see also Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1159 (10th Cir. 2007) ("The bankruptcy code imposes a duty upon a debtor to disclose all assets, including contingent and unliquidated claims . . . .  That duty encompasses disclosure of all legal claims and causes of action, pending or potential, which a debtor might have."). Thus, upon filing their bankruptcy petition, Plaintiffs were required to list all assets of their estate, which included any claims or causes of action—pending or potential—against Defendant U.S. Bank.  11 U.S.C. § 521(1)(B); *Eastman*, 493 F.3d at 1159.  Once a petition for bankruptcy is filed, any pending or potential claims against third parties become property of the bankruptcy estate and are enforceable only by the Chapter 7 trustee.  *See* 11 U.S.C. at § 323; *id.* at § 541.  When the bankruptcy action is

5

closed, any properly scheduled assets not otherwise administered revert to the debtor through abandonment. *Id.* at § 554(c). However, assets not properly scheduled remain property of the bankruptcy estate. *See id.* at § 554(d). "As a result, the debtor loses all rights to enforce any unscheduled legal claim in his own name." *Clark v. Trailiner Corp.*, 242 F.3d 388, at *1 (10th Cir. 2000) (unpublished). The debtor thereafter lacks standing to bring those claims. *See In re Semadeni*, 489 B.R. 576, 585 (Bankr. D. Colo. 2013).

In this case, Plaintiffs filed for bankruptcy under Chapter 7 in the United States Bankruptcy Court for the District of Colorado on July 29, 2011. (Docket No. 120-1.) In their Voluntary Petition filed with the bankruptcy court Plaintiffs did not list their claims asserted in this case against Defendant U.S. Bank. (*Id.* at 33-54.) Plaintiffs argue that these claims relating to the alleged rescission of the Note and Deed of Trust were not listed because "Plaintiffs' claims only arose when Defendant foreclosed on a void deed of trust, which occurred after the bankruptcy discharge." (Docket No. 117, p. 13.) While Plaintiffs are correct that the foreclosure *sale* of the Property occurred after the bankruptcy case was closed, the foreclosure *proceeding* was initiated before they filed the Voluntary Petition under Chapter 7. Therefore, Plaintiffs should have been aware of their potential claims against Defendant U.S. Bank relating to the foreclosure at the time they filed their bankruptcy petition. *Brumfiel*, 618 F.App'x at 937 (finding that the plaintiff did not have standing because she did not disclose her claims in the bankruptcy petition when the Rule 120 foreclosure proceeding was commenced before the bankruptcy petition was filed, but the foreclosure sale happened after the bankruptcy case was closed); *Beliz v. Loan Simple, Inc.*, No. 15-cv-01284-CMA-CBS, 2016 WL 424807, at *5 (D. Colo. Jan. 14, 2016) (Recommendation finding that plaintiff did not have standing to

pursue claims even when the foreclosure sale occurred after bankruptcy); *see also Eastman*, 493 F.3d at 1159; *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 361-62 (5th Cir. 2014) (holding that debtors must disclose "all pending and potential claims" "as long as the debtor has enough information to suggest that [they] may have a potential claim" (internal quotation marks omitted)); *In re Coastal Plains*, 179 F.3d at 208 ("[I]f the debtor[s have] enough information . . . prior to confirmation to suggest that [they] may have a possible cause of action, then it is a 'known' cause of action such that it must be disclosed").

As a result, the Court concludes that Plaintiffs do not have standing to pursue their Fourth, Fifth, and Sixth claims for relief.  As noted above, these claims are brought under the Colorado Consumer Protection Act, TILA, RESPA, and ECOA, and allege that Defendant U.S. Bank breached of the covenant of good faith and fair dealing claim. (Docket No. 52 at 10-11.)  These claims all relate to Plaintiffs' allegations that the documentation relating to their May 23, 2007 mortgage did not include required disclosures.  Notably, Plaintiffs specifically allege that they discovered these purported violations in June 2008.  (*Id.* at 3.)  Further, as discussed above, even if Plaintiffs did not know of these causes of action until the foreclosure proceeding was commenced because they were functioning under the understanding that they had rescinded the mortgage, they were still required to disclose these claims on their chapter 7 petition because the filing of the foreclosure action provided them notice that the purported rescission was disputed.  As a result, the Court recommends that Defendant's Motion be granted to the extent it argues that Plaintiffs' lack standing to bring their fourth, fifth, and sixth claims for relief.  Because the Court concludes that Plaintiffs lack standing to

7

bring these claims, the Court does not address the parties' remaining arguments regarding these claims.

*Res Judicata*

Defendant U.S. Bank also argues that Plaintiffs are barred from bringing certain claims under the doctrine of res judicata.[3]  Res judicata precludes re-litigation of issues that were actually decided or could have been decided in a prior action.  *Santana v. City of Tulsa*, 359 F.3d 1241, 1246 n.3 (10th Cir. 2004); *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999).  "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984).  Therefore, the Court must determine what preclusive effect Colorado would give to the State Court Case.  *See Xiangyuan Zhu v. St. Francis Health Ctr.*, 215 F.App'x. 717, 719 (10th Cir. 2007) (looking to state law to determine if district court properly applied res judicata to bar claim).

The United States Supreme Court has made clear that "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation omitted); *see also MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) ("The doctrine of res judicata, or claim preclusion, will prevent

---

[3]  On December 21, 2015, the Court granted Defendant U.S. Bank leave to amend its answer.  (Docket No. 137.)  Defendant U.S. Bank's Second Amended Answer to Plaintiffs' First Amended Complaint (Docket No. 139) includes res judicata as an affirmative defense.  (*Id.* at 11-12.)  As a result, Plaintiffs' argument that Defendant U.S. Bank waived this affirmative defense is moot.

a party from re-litigating a legal claim that was or could have been the subject of a previously issued final judgment."). "The Supreme Court of Colorado has adopted this rule, holding that res judicata 'bars relitigation not only of all issues actually decided, but of all issues that might have been decided.'" *Klein v. Zavaras*, 80 F.3d 432, 434 (10th Cir. 1996) (quoting *Pomeroy v. Waitkus*, 517 P.2d 396, 399 (Colo. 1973)). Therefore, under Colorado law, "once judgment is entered in an action it extinguishes the plaintiff's claim including all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions out of which the action arose." *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 609 (Colo. 2005).

Under Colorado law, "[f]or a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist: (1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." *Id.* at 608; *see also Loveland Essential Grp., LLC v. Grommon Farms, Inc.*, 318 P.3d 6, 10 (Colo. 2012). Further, "Defendants have the burden of setting forth facts sufficient to satisfy the elements of res judicata." *Edmond v. Clements*, No. 11-cv-00248-RBJ-KLM, 2012 WL 2523077, at *11 (D. Colo. Jan. 19, 2012) (citations omitted).

Plaintiffs' remaining three claims for relief challenge the foreclosure sale, request a declaratory judgment regarding ownership of the Property, and seek to quiet title to the Property. (Docket No. 52 at 9-10.) As noted above, Plaintiffs and a nonparty sought to quiet title to the Property in the State Court Action. (Docket No. 120-1 at 12-14.)

**Finality**

On October 16, 2012, District Court Judge Herbert L. Stern, III, entered the

Court's Order Re: Defendant's Motion to Dismiss granting Defendant U.S. Bank's

motion to dismiss the State Court Action, which sought dismissal for failure to state a

claim.  Pursuant to Colorado Rule of Civil Procedure 41(b),

> [u]nless the court in its order for dismissal otherwise specifies, a dismissal
> under this section (b) and any dismissal not provided for in this Rule, other
> than a dismissal for failure to prosecute, for lack of jurisdiction, for failure
> to file a complaint under Rule 3, or for failure to join a party under Rule 19,
> operates as an adjudication upon the merits.

Colo. R. Civ. P. 41(b).  The state court's order contains no language indicating that the

action was not adjudicated on the merits.  (Docket No. 120-1 at 26.)  Thus, the state

court order represents a final judgment on the merits.  *See Jacobs v. Dujmovic*, 752

F.Supp. 1516, 1522 (D. Colo. 1990) (holding state court's dismissal of claims for failure

to post a bond pursuant to court order was an adjudication on the merits for the

purposes of res judicata), *aff'd*, 940 F.2d 1392 (10th Cir. 1991), *cert. denied*, 506 U.S.

1015 (1992); *see also Argueta-Pereira v. Ochoa*, No. 11-cv-02720-REB-CBS, 2012 WL

2564813, at *2 (D. Colo. July 2, 2012).[4]

---

[4] In their response to Defendant's Motion, Plaintiffs deny Defendant's statement of fact
that they filed the State Court Action and note that it was filed "by three plaintiffs, including non-
party . . . Prince Song Cambilargiu." (Docket No. 117 at 6).  In response to Defendant U.S.
Bank's factual statement that the State Court Action was dismissed on October 16, 2012,
Plaintiffs state:

> Admitted.  Answering further it us unclear why the litigation was dismissed,
> especially accounting for the fact that Plaintiffs were in bankruptcy proceedings.
> Plaintiffs are unsophisticated borrowers and the investigation into how or why this
> lawsuit proceeded while bankruptcy was pending, if at all is ongoing.

(*Id.*)  Whether Plaintiffs are investigating the state court's decision or intend to appeal it is not
relevant to the issues before this Court. Plaintiffs' intention to investigate the outcome of the

10

**Identity of the Claims for Relief**

"In determining whether there is identity of claims for relief, the focus of the inquiry is the injury for which relief is demanded, not the legal theory on which the person asserting the claim relies." *Loveland Essential Grp.*, 318 P.3d at 10 (internal modifications, quotation marks, and citations omitted).  Res judicata bars litigation of claims that previously were or might have been decided "if the claims are tied by the same injury." *Argus Real Estate*, 109 P.3d at 609 (citing *Farmers High Line Canal & Reservoir Co. v. City of Golden*, 975 P.2d 189, 199 (Colo. 1999)).  In the State Court Action, Plaintiffs asked the state court to quiet title to the Property.  (Docket No. 120-1 at 12-14.)  In the instant action, Plaintiffs seek the same relief.  (Docket No. 52 at 9-10.) There can be no question that these claims are identical.  Plaintiffs' two remaining claims for relief in the instant action seek rescission of the foreclosure sale and a declaratory judgment regarding ownership of the Property.  (*Id.* at 9.)  Rescission of the foreclosure sale was not raised in the State Court Action.  As a result, the Court cannot find that the claim is precluded by res judicata and addresses this claim below. Plaintiffs' claim seeking a declaratory judgment as to who owns the Property is related to their quiet title claim.  In essence, in each claim Plaintiffs ask the Court to either determine who the owner is or to determine that no one other than Plaintiffs owns the Property.  The Court finds these claims to be inextricably linked.  Therefore, while

---

State Court Action does not provide a legal basis on which this Court can reach a legal determination.  Further, even if Plaintiffs wanted to challenge the state court's dismissal, this is not the proper forum for such a challenge.   What is clear from the evidence is that Plaintiffs and a nonparty filed the State Court Action against several defendants, including Defendant U.S. Bank and that the State Court Action was dismissed for failure to state a claim.

Plaintiffs did not seek a declaratory judgment in the State Court Action, such a claim is "part of the transaction, or series of connected transactions out of which the action arose." *Argus Real Estate, Inc.*, 109 P.3d at 609.

### Identity of the Subject Matter

There can be no question that the subject matter of the State Court Action and the instant action are the same. In both actions, Plaintiffs sought to quiet title and determine the legal owner of the Property.

### Identify of the Parties

Plaintiffs are both named plaintiffs in the State Court Action and Defendant U.S. Bank is a named defendant in the State Court Action. Accordingly, the Court finds that there is identity of parties.

For these reasons, the Court concludes that Plaintiffs' second (declaratory judgment) and third (quiet title) claims for relief are barred by the doctrine of res judicata. Accordingly, the Court recommends that to the extent Plaintiffs seek summary judgment as to their second and third claims for relief, that Plaintiffs' Motion (Docket No. 90) be denied. In addition, the Court recommends that to the extent Defendants' Motion argues that these two claims are barred by the doctrine of res judicata, that Defendants' Motion (Docket No. 108) be granted. Because the Court concludes that these two claims are barred by the doctrine of res judicata, it does not address the parties' other arguments regarding these claims.

_Claim One_

**Judicial Admission**

Plaintiffs' only remaining claim is their first claim for relief which seeks rescission

of the foreclosure sale.  (Docket No. 52 at 9.)  Plaintiffs argue that they are entitled to

rescission of the foreclosure sale either (1) because "they rescinded the Note and Deed

of Trust in accordance with TILA" or (2) because the foreclosure sale resulted in an

"inadequate purchase price."  (Docket No. 52 at 9.)  With regard to Plaintiffs' first

argument, the Court finds that Plaintiffs are barred from asserting this argument under

the doctrine of judicial admission.

Statements made by debtors in their bankruptcy filings are binding on those

debtors as judicial admissions.  _Armstrong_, 2014 WL 1363934, at *4.  "A judicial

admission is a formal, deliberate declaration which a party or his attorney makes in a

judicial proceeding for the purpose of dispensing with proof of formal matters or of facts

about which there is no real dispute."  _Kempter v. Hurd_, 713 P.2d 1274, 1279 (Colo.

1986).  If the admissions are unequivocal, they are "binding on the party who makes

them, are evidence against such party, and may furnish the basis for a verdict."  _Salazar_

_v. Am. Sterilizer Co._, 5 P.3d 357, 365 (Colo. Ct. App. 2000).

Defendant U.S. Bank initiated proceedings to foreclose the Property on or about

July 7, 2011.  (Docket No. 108 at 4 & Docket No. 117 at 6.)  As discussed above,

Plaintiffs filed a Voluntary Petition under Chapter 7 of the bankruptcy code on July 29,

2011.  (Docket No. 108 at 4, Docket No. 117 at 6, & Docket No. 120-1 at 28-80.)  The

Voluntary Petition was filed 22 days after Defendant U.S. Bank initiated foreclosure

proceedings as to the Property (Docket No. 108 at 4 & Docket No. 117 at 6) and more

13

than a year after Plaintiffs allege they rescinded the mortgage (Docket No. 90 at 4).[5]  On

the Voluntary Petition, Plaintiffs listed a mortgage on the Property held by Bank of

America[6] valued at $536,450.00 as a secured claim.  (Docket No. 120-1 at 44.)

Plaintiffs did not mark the mortgage as "disputed" on the Voluntary Petition.  (*Id.*)

Plaintiffs did not disclose any claim against Defendant U.S. Bank in Schedule B of their

Voluntary Petition.  (Docket No. 108 at 4, Docket No. 117 at 6, & Docket No. 120-1 at

40-42.)  As Judge Jackson has explained, such a statement made under penalty of

perjury is "a formal, deliberate declaration that [the creditor] was the secured creditor on

[the] mortgage loan and that [the debtors] did not dispute its claim to the note."

*Armstrong*, 2014 WL 1363934, at *4.  The Court will not ignore such a statement made

by Plaintiffs which allowed them to seek discharge of their debts under Chapter 7 of the

bankruptcy code when it directly contradicts Plaintiffs' allegations in the instant action.

*Id.*  Instead, the Court must conclude that Plaintiffs are barred from arguing in this case

that Defendant U.S. Bank was not a secured creditor of their mortgage as of the day

---

[5]  Plaintiffs allege that they rescinded the mortgage on March 30, 2010.  (Docket No. 90 at 5.)

[6]  On June 20, 2011 former defendant MERS assigned the Deed of Trust to Defendant U.S. Bank.  (Docket No. 107-2 at 35, Docket No. 108 at 4.)  The Assignment was recorded in the Office of the Clerk and Recorder for Denver, Colorado on July 8, 2011 at reception number 2011073587.  (Docket No. 107-2 at 35.)  While Plaintiffs do not admit or deny this fact (Docket No. 117 at 5), the Court takes judicial notice that the Assignment of Deed of Trust states that U.S. Bank is the Successor Trustee to Bank of America, N.A.  (Docket No. 107-2 at 35.)  *See St. Louis Baptist Temple*, 605 F.2d at 1172 (A court may take judicial notice of "matters that are verifiable with certainty."); *see also Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (the court may take judicial notice of public records).  Further, in Plaintiffs' Motion they refer to Defendant U.S. Bank along with the initial lender and all successive lenders collectively as "Lender."  (Docket No. 90 at 5 n.1.)  In addition, Plaintiff Zinaida Pohl signed an affidavit in support of Plaintiffs' Motion that states that Defendant U.S. Bank is the successor in interest to the original lender (Docket No. 90-1 ¶ 12.) and Plaintiffs reassert this fact in their Statement of Undisputed Material Facts (Docket No. 99 at 1).

they filed their Voluntary Petition under Chapter 7.  *Id.*  As a result, Plaintiffs' request for

rescission of the foreclosure sale because "they rescinded the Note and Deed of Trust

in accordance with TILA" (Docket No. 52 at 9) is barred.

**Purchase Price**

In the alternative, Plaintiffs argue that the foreclosure sale must be rescinded

because the sale resulted in an "inadequate purchase price."  (Docket No. 52 at 9.)  The

only factual allegations offered by Plaintiffs relating to this claim for relief are found in

paragraph 35 of the First Amended Complaint.  That paragraph reads as follows:

> On January 3, 2013, The Trustee sold the Property at a foreclosure sale,
> despite the facts that Plaintiffs had recorded a notice of rescission of the
> Note and Deed of Trust, and that Plaintiffs had presented arguments that
> the Lender was not the real party in interest and/or the true owner of the
> Loan.

(Docket No. 52 at 7.)  Plaintiffs offer no facts or evidence relating to the purchase price.

Further, Plaintiffs' Motion and the supporting documents do not address this basis for

the requested relief.  Defendant U.S. Bank submitted the Public Trustee's Certificate of

Purchase (Docket No. 108-2 at 86-87), which was recorded on January 7, 2013 by the

Clerk and Recorder for Denver, Colorado at reception number 2013002289.[7]  The

Public Trustee's Certificate of Purchase notes that at the foreclosure sale Defendant

U.S. Bank bid $587,250.00 for the Property which was the "highest and best bid

received" for the Property.  (*Id.* at 86.)  Pursuant to Colo. Rev. Stat. § 38-38-106(6):

> The holder of the evidence of debt or the attorney for the holder shall bid

---

[7]  The Court takes judicial notice of this publicly filed record.  *See St. Louis Baptist
Temple*, 605 F.2d at 1172 (A court may take judicial notice of "matters that are verifiable with
certainty."); *see also Tal*, 453 F.3d at 1264 n.24 (the court may take judicial notice of public
records).

> at least the holder's good faith estimate of the fair market value of the property being sold, less the amount of unpaid real property taxes and all amounts secured by liens against the property being sold that are senior to the deed of trust or other lien being foreclosed and less the estimated reasonable costs and expenses of holding, marketing, and selling the property, net of income received; except that the holder or the attorney for the holder need not bid more than the total amount due to the holder as specified in the bid pursuant to subsection (2) of this section. The failure of the holder to bid the amount required by this subsection (6) shall not affect the validity of the sale but may be raised as a defense by any person sued on a deficiency.

First, this statute does not allow for a private right of action.  Instead, it states that even if a bid does not meet these minimum requirements, such an argument may only be raised "as a defense by any person sued on a deficiency."  Second, Plaintiffs do not address the amount paid by Defendant U.S. Bank at the foreclosure sale or Defendant U.S. Bank's argument that to the extent Plaintiffs believed this price was inadequate they could have taken action at the foreclosure sale.  Under Colorado law, a party who defaults on a mortgage that results in a foreclosure sale "bears the burden to establish that the foreclosure sale was unfair because the foreclosing party did not meet the good faith requirement."  *Gale v. Rice*, 636 P.2d 1280, 1282 (Colo. App.1981) (burden was on the defendant to show that the "plaintiff's actions were deliberately undertaken to subject him to a large deficiency"); *Nat'l Can. Corp. v. Dikeou*, 868 P.2d 1131, 1134 (Colo. App.1993) ("That deficiency is conclusive unless the defendant pleads and proves that the sale was not conducted in a strictly fair manner.").  Because Plaintiffs offer no evidence regarding the fairness of the amount paid by Defendant U.S. Bank at the foreclosure sale, the Court concludes that there is no genuine dispute that the

purchase price paid at the foreclosure sale was fair.[8]  Accordingly, the Court

recommends that to the extent Plaintiffs seek summary judgment as to their first claim

for relief, that Plaintiffs' Motion (Docket No. 90) be denied.  In addition, to the extent

Defendant U.S. Bank argues that it is entitled to summary judgment with regard to

Plaintiffs' first claim, which is premised on the purchase price paid at the foreclosure

sale, the Court recommends that Defendants' Motion (Docket No. 108) be granted.

---

[8]  The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999), *abrogation recognized by Eisenhour v. Weber Cnty.*, 744 F.3d 1220, 1227 (10th Cir. 2014). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary jugment evidence . *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).  The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded.  *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed. 1998).
Only documents that adhere to the evidentiary requirements of Fed. R. Civ. P. 56 may be considered for purposes of summary judgment. Rule 56(c) provides that:
(1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]
...
(3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
Fed. R. Civ. P. 56(c)(1)-(4).

## Conclusion

For the foregoing reasons, it is hereby

**RECOMMENDED** that Plaintiffs' Motion for Summary Judgment (Docket No. 90)

be **DENIED** and that Defendant U.S. Bank's Cross-Motion for Summary Judgment

(Docket No. 108) be **GRANTED** for the reasons stated.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives *de novo* review of the**

**recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley**

**v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  February 11, 2016                          s/ Michael J. Watanabe
         Denver, Colorado                          MICHAEL J. WATANABE
                                                            United States Magistrate Judge