IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02292-PAB-MJW

STANLEY M. POHL and
ZINAIDA Q. POHL,

      Plaintiffs,

v.

US BANK, as trustee for Merrill Lynch First Franklin Mortgage Loan Trust Back Certificates Series 2007-4, and
DEBRA JOHNSON, Public Trustee of Denver County; and
all unknown persons who claim any interest in the subject matter of this action,

      Defendants.
_____

# ORDER
_____

This matter is before the Court on United States Magistrate Judge Michael J. Watanabe's Report and Recommendation (the "Recommendation") [Docket No. 147] on Plaintiffs' Motion for Partial Summary Judgment [Docket No. 90] and the Cross-Motion for Summary Judgment of defendant US Bank [Docket No. 108]. The magistrate judge recommends that the Court deny plaintiffs' Motion for Summary Judgment and grant defendant US Bank's Cross-Motion for Summary Judgment. The Recommendation states that objections to the Recommendation must be filed within fourteen days after service on the parties. *See* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on February 11, 2016. Pursuant to an order granting plaintiffs an extension of time to file objections to the Recommendation, *see* Docket No. 149, plaintiffs filed a timely objection on March 4, 2016. Docket No. 152.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).

## I. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & Cty. of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cty. of Denver,* 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a

verdict for the nonmoving party. *Allen v. Muskogee,* 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010). However, where, as here, there are cross motions for summary judgment, the reasonable inferences drawn from affidavits, attached exhibits, and depositions are rendered in the light most favorable to the non-prevailing party. *Jacklovich v. Simmons*, 392 F.3d 420, 425 (10th Cir. 2004). Furthermore, "[w]hen the parties file cross motions for summary judgment, we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (internal quotation marks omitted).

## II. ANALYSIS

This case concerns U.S. Bank's efforts to foreclose on a Note and Deed of Trust on plaintiffs' residence. Docket No. 90 at 4. Plaintiffs argue that they rescinded the Note and Deed of Trust on March 30, 2010 pursuant to the Truth in Lending Act ("TILA"). *See id.*[1] Additional relevant facts are set forth in the Recommendation, *see* Docket No. 147 at 4-5, and will not be recited here except as relevant to the Court's de novo review.

---

[1] Defendant Debra Johnson is named in her official capacity so that she is bound by any decisions of this Court. Docket No. 52 at 9-10, ¶¶ 63, 67. Therefore, there are no factual allegations regarding her conduct.

### A. Failure to Consider Relevant Law

Although plaintiffs nominally make five objections, *see* Docket No. 152 at 1-2, four of those objections rely on plaintiffs' interpretation of the Supreme Court's opinion in *Jesinoski v. Countrywide Home Loans, Inc.*, --- U.S. ----, 135 S. Ct. 790 (2015). In *Jesinoski*, the Supreme Court considered the manner by which a borrower could give notice of rescission under the Truth In Lending Act. 15 U.S.C. § 1601 et seq. ("TILA"). Under TILA, borrowers have the right to rescind a loan "until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor, in accordance with regulations of the [Federal Reserve] Board, of his intention to do so." *Jesinoski*, 135 S. Ct. at 792 (citing 15 U.S.C. § 1635(a)) (alteration marks in original). If a lender never makes the required disclosures, the borrower's right of rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). In other words, "[c]onsumers have an absolute right to rescind for three business days after closing on the loan." *Sherzer v. Homestar Mortg. Servs.*, 707 F.3d 255, 256 (3d Cir. 2013). After three days from the closing of the loan, a borrower only has the right to rescind the loan "[i]f the lender fails to make the requisite disclosures before the loan commences[.]" *Id.*

The court of appeals in *Jesinoski* held that, to effect a timely rescission under § 1635(f)'s three-year bar, a plaintiff must file a lawsuit seeking rescission within three years of the transaction's consummation. 135 S. Ct. at 792. On that basis, it affirmed a district court's order granting judgment on the pleadings to a lender where the

borrowers provided notice of their intent to rescind the loan within three years of the transaction, but did not file a lawsuit until more than a year later. *See id.* at 791-93. The Supreme Court reversed, holding that, under TILA, a borrower may exercise his or her right to rescind a loan by notifying the creditor. *Id.* at 792. The Court reasoned:

> The language [of § 1635(a)] leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not require him to sue within three years.

*Id.*

Plaintiffs argue that, pursuant to *Jesinoski*, their "action of notifying the [lender] within three years, which is undisputed . . ., means that the relevant note and deed of trust were rescinded as a matter of law and therefore void." Docket No. 152 at 5. Under plaintiffs' reading of *Jesinoski*, any notification of rescission immediately rescinds the relevant loan and the rescinding borrower need make no showing that the lender did not provide the required disclosures to effectuate the rescission. *See* Docket No. 152 at 5; Docket No. 116 at 1-2, 6-7. U.S. Bank argues that *Jesinoski*'s holding was addressed to the narrow question of whether a borrower may timely invoke his or her right to rescind by providing notice to the lender or whether the borrower must file a lawsuit to do so. Docket No. 157 at 4-5; Docket No. 107 at 9-10.

Plaintiffs cite no case that interprets *Jesinoski* as effectuating rescission upon a borrower's written notice without regard to whether the borrower can make a factual showing that the required disclosures were missing. At least two bankruptcy courts have rejected the position that plaintiffs take here. *See In re Kelley*, 2016 WL 281647,

at *8 n.5 (Bankr. N.D. Cal. Jan. 21, 2016) (*Jesinoski* "did not hold, as Debtor appears to contend, that a loan is rescinded on notice and borrowers have no further obligation to perform if the lender does not respond."); *In re Jensen-Edwards*, 535 B.R. 336, 347 (Bankr. D. Id. 2015) (*Jesinoski* "does not support a never-ending right to rescind or an extension of the three-year rescission period prescribed by TILA. Rather, *Jesinoski* simply distinguishes the required timely notice of rescission from a deadline to file suit").

Moreover, multiple courts, post *Jesinoski*, have held that notices of rescission made within three years of the transaction are ineffective where the borrower fails to allege or prove that the lender did not provide the required disclosures. In *Forgues v. Select Portfolio Servicing*, 2015 WL 8272596 (N.D. Ohio Dec. 8, 2015), plaintiff provided written notice of her intention to rescind the transaction, but did not "allege[] that any TILA disclosures were missing when [plaintiff] closed the mortgage." *Id.* at *1, *4. The court granted summary judgment, reasoning that, "[i]f there were no missing TILA disclosures, then Plaintiff . . . only had three days — not three years — to send a notice of rescission." *Id.* at *4. In *Beukes v. GMAC Mortg., LLC*, 786 F.3d 649 (8th Cir. 2015), the court held that the defendants were entitled to summary judgment where evidence showed that the disclosures defendants provided were accurate as a matter of law, notwithstanding the plaintiffs' notice of rescission. *Id.* at 652-53. In *Wane v. Loan Corp.*, 2015 WL 5021632 (M.D. Fla. Aug. 25, 2015), the court denied a motion for relief from judgment pursuant to Fed. R. Civ. P. 60 that sought reconsideration of the court's prior dismissal of a rescission claim following *Jesinoski*. The court held that *Jesinoski* was not an intervening change in the law that required the court to revisit

dismissal of the rescission claim where the order dismissing that claim "addressed the merits of the [plaintiffs'] rescission claim and determined that [plaintiffs] were not entitled to . . . rescission." *Id.* at *5; *see also Paatalo v. JPMorgan Chase Bank*, No. 15-cv-01420-AA (D. Or. Feb. 24, 2016) (Docket No. 21 at 3-4) (holding that the court's prior order applying *Jesinoski* and finding rescission was properly effected did "not entitle plaintiff to judgment as a matter of law" because "questions of material fact remain as to . . . whether [the lender] provided plaintiff deficient notice of his right to rescind, triggering the three-year rescission period) (emphasis in original).

      Consistent with the above-cited authority, the Court finds that *Jesinoski* does not compel a finding that the note and deed of trust were rescinded as of the date that plaintiffs provided notice of their intent to rescind. As U.S. Bank argues, *Jesinoski* addressed the narrow question of "whether a borrower exercises [a three-year right of rescission] by providing written notice to his lender, or whether he must also file a lawsuit before the 3-year period elapses." *Jesinoski*, 135 S. Ct. at 791. Although the Court, as plaintiffs argue, stated that rescission is "effected when the borrower notifies the creditor of his intention to rescind," *Jesinoski*, 135 S. Ct. at 792, the Court also recognized that borrowers' "unconditional right to rescind" lasts only three days, "after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements." *Id.* Since the Court recognized that the three-year right of rescission applies only in the absence of all required disclosures, the Court's use of the word "effected" does not, as plaintiffs argue, mean that rescission automatically occurs upon notice. As U.S. Bank argues, Docket No. 107 at 10, plaintiffs' interpretation would

effectively create an unconditional right to rescind a loan within three years of the transaction. Such an expansive interpretation finds no support in the *Jesinoski* opinion or in any subsequent case applying *Jesinoski*.

### B. Standing

The magistrate judge found that plaintiffs lack standing to pursue their fourth, fifth, and sixth causes of action because plaintiffs did not disclose those claims in their Chapter 7 bankruptcy petition. Docket No. 147 at 5-6. As a result, plaintiffs are not the real party in interest to such claims. Rather, the bankruptcy estate is. Plaintiffs object that they had no obligation to disclose any claim or cause of action for rescission because the rescission was effective as of March 30, 2010. Docket No. 152 at 8. First, as explained above, *Jesinoski* does not support that plaintiffs' rescission was effective upon notice. It is therefore a potential claim that needed to be disclosed. Second, the Recommendation's finding that plaintiffs lack standing due to their failure to disclose claims to the bankruptcy court is limited to plaintiffs' claims for violation of the Colorado Consumer Protection Act ("CCPA"), TILA, the Real Estate Settlement Procedures Act ("RESPA"), the Equal Credit Opportunity Act ("ECOA"), and the implied covenant of good faith and fair dealing. Docket No. 147 at 7 (concluding that plaintiffs lack standing to pursue their fourth, fifth, and sixth claims); *see also* Docket No. 52 at 10-11. The Recommendation did not find that plaintiffs lack standing to pursue their rescission claims. The Court finds no error with this aspect of the Recommendation and concludes that plaintiffs lack prudential standing to pursue their fourth, fifth, and sixth claims for relief. *See Brumfiel v. U.S. Bank*, 618 F. App'x 933, 936-37 (10th Cir. 2015)

(unpublished) (finding that a plaintiff who failed to disclose claims in a bankruptcy petition lacked prudential standing to pursue claims that were the property of her bankruptcy estate).

### C.  Judicial Estoppel

On March 8, 2016, the Court ordered the parties to submit supplemental briefing on the issue of whether plaintiffs are judicially estopped from asserting certain claims due to their failure to disclose those claims to the bankruptcy court.  Docket No. 153.  Having read the parties' supplemental briefing, the Court finds, as an alternative to its holding that plaintiffs lack prudential standing to pursue their fourth, fifth, and sixth claims, that plaintiffs are also judicially estopped from pursuing those claims.

"The doctrine of judicial estoppel is based upon protecting the integrity of the judicial system by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment.'"  *Bradford v. Wiggins*, 516 F.3d 1189, 1194 (10th Cir. 2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)); *see also In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990) ("Judicial estoppel is a doctrine intended to prevent the perversion of the judicial process").  The Court considers whether "1) a party's later position is clearly inconsistent with its earlier position; 2) a party has persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and 3) the party seeking to assert the inconsistent position would derive an unfair advantage if not estopped."  *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1209 (10th Cir. 2011) (quoting *Bradford*, 516

F.3d at 1194 (internal quotations omitted)). Having provided plaintiffs with notice of the Court's concern and the opportunity to address the judicial estoppel issue, the Court finds it appropriate to determine sua sponte whether plaintiffs are estopped from arguing that they rescinded the loan. *Cf. Johnson v. ExxonMobil Corp.*, 426 F.3d 887, 893 (7th Cir. 2005) ("[b]ecause the plaintiff had ample notice and opportunity to be heard on the judicial estoppel issue, the district court's sua sponte ruling was appropriate"); *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 530 (5th Cir. 2000) ("Judicial estoppel is *not* raised; but, because that doctrine protects the judicial system, we can apply it *sua sponte* in certain instances") (emphasis in original) (citation omitted)).

Plaintiffs argue that judicial estoppel does not apply because plaintiffs, having rescinded the loan in March 2010, did not have a "claim" for rescission, that plaintiffs informed the bankruptcy court — albeit not in their application — of potential fraud related to the loan, and that defendants' unclean hands precludes application of the equitable doctrine of judicial estoppel. Docket No. 156 at 2-5. US Bank argues that plaintiffs' conduct in their bankruptcy proceeding satisfies all of the elements of judicial estoppel. Docket No. 154.

Plaintiffs have taken "clearly inconsistent" litigation positions. *Mathews*, 649 F.3d at 1209. In their voluntary bankruptcy petition filed on July 29, 2011, which they signed under penalty of perjury, Docket No. 120-1 at 54,[2] plaintiffs stated that they have no

---

[2] The Court takes judicial notice of filings in plaintiffs' bankruptcy proceeding. *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001) ("the court is permitted to take judicial notice of . . . facts which are a matter of public

"contingent and unliquidated claims" of any nature. *Id.* at 41. Moreover, in the same petition, plaintiffs informed the bankruptcy court that the loan was undisputed. *Id.* at 44. In this case, plaintiffs allege that they conducted an audit shortly after June 2008 that revealed the purported violations upon which their claims are based. Docket No. 52 at 3, ¶¶ 14-15. These allegations are clearly inconsistent with their statements to the bankruptcy court that they had no contingent claims against any party. Thus, the first element of judicial estoppel is satisfied.

Plaintiffs argue that, at the meeting of the creditors pursuant to 11 U.S.C. § 341 on or around September 15, 2011, they informed the bankruptcy court that they suspected mortgage fraud. Docket No. 156 at 3.[3] First, although the transcript of the meeting of the creditors refers to "the court" as a participant, *see generally* Docket No. 155-1, reference to "the court" in that transcript likely refers to the bankruptcy trustee, not the presiding bankruptcy judge. The trustee, not the bankruptcy court, is tasked with convening and presiding over a meeting of creditors, 11 U.S.C. § 341(a), and "[t]he [bankruptcy] court may not preside at, and may not attend, any meeting under [11 U.S.C. § 341] including any final meeting of creditors." 11 U.S.C. § 341(c). Additionally, the notice of the meeting of the creditors in plaintiffs' bankruptcy case provides that, at the meeting, the debtors will be "questioned under oath by the trustee

---

record"); *Bath v. HSBC*, No. 12-cv-01929-RBJ-KMT, 2013 WL 3296613, at *2 (D. Colo. July 1, 2013) ("[t]he court takes judicial notice of Plaintiff's bankruptcy court filings[.]") (citing *St. Louis Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

[3]To support their supplemental brief, plaintiffs filed a Motion to Cite Additional Facts, Docket No. 155, to which they attached the September 2011 hearing transcript and U.S. Bank's motion for relief from automatic stay. The Court will grant this motion.

and by creditors." Bankruptcy Case No. 11-28072-HRT (Docket No. 7 at 3).

Moreover, the transcript indicates only that plaintiffs disclosed to the trustee that they had found certain unexplained "violations," that they believed there was mortgage fraud, and that they were in "dispute with the lender." Docket No. 155-1 at 9. Although plaintiffs mentioned the possibility that the lender acted fraudulently, plaintiffs "never fully disclosed the scope of [their] claims in this case to the trustee." *Cole v. Convergys Customer Mgmt. Grp., Inc.*, 2013 WL 2151586, at *4 (D. Kan. May 16, 2013).[4]

Regarding the second judicial estoppel factor, plaintiffs obtained a discharge in their bankruptcy case. *See* Bankruptcy Case No. 11-28072-HRT (Docket No. 29). This alone is sufficient for the Court to conclude that plaintiffs succeeded in persuading the court to adopt their earlier position. *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1160 (10th Cir. 2007) ("A discharge in bankruptcy is sufficient to establish a basis for judicial estoppel").

Regarding the third factor, the Court finds that plaintiffs would gain an unfair advantage if they were not estopped from pursuing their fourth, fifth, and sixth claims for relief, because they would be able to pursue those claims without the risk that the majority of their award would go to their creditors. *See Queen v. TA Operating, LLC*, 734 F.3d 1081, 1092 (10th Cir. 2013).[5]

---

[4]Although plaintiffs now indicate that they are willing to reopen their bankruptcy estate, Docket No. 152 at 7, n.3, that willingness does not cure their past misrepresentation. "Allowing [a plaintiff] to . . . reopen[] . . . his bankruptcy only after his omission had been exposed would suggest that a debtor should consider disclosing potential assets only if he is caught concealing them." *Eastman*, 493 F.3d at 1160.

[5]As discussed above, the Court's decision would be unchanged if plaintiffs now moved to reopen their bankruptcy proceeding to cure their past omission of their claims.

Plaintiffs argue that the Court should excuse their representation to the bankruptcy court as inadvertent because they had no motive to hide their rescission given that "the rescission released them from any monetary obligations to Defendants and allowed them to keep their home[.]"  Docket No. 156 at 4.  As the Tenth Circuit has explained, courts only excuse failure to disclose claims to the bankruptcy court on inadvertence grounds where "the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."  *Eastman*, 493 F.3d at 1157 (citations omitted).  Plaintiffs' partial disclosure of the results of their investigation to the trustee suggests, at a minimum, that they were aware of the possibility of their claims.  Moreover, plaintiffs do not argue that they had no motive to conceal their claims for violation of TILA, RESPA, ECOA, CCPA, and the implied covenant of good faith and fair dealing.  The Court finds that plaintiffs are charged with knowledge of those claims and had a motive to conceal them, given that such claims, if disclosed, would have been the property of the bankruptcy estate.  Finally, plaintiffs' argument that the Court should not apply judicial estoppel in this case due to US Bank's unclean hands relies on their interpretation of *Jesinoski*, which the Court has rejected.  *See* 156 at 5.

Because plaintiffs' conduct satisfies the three judicial estoppel factors, plaintiffs are judicially estopped from raising their fourth, fifth, and sixth claims for relief in this action.

### D.  Res Judicata

The magistrate judge recommends dismissing plaintiffs' second and third claims for relief under the doctrine of res judicata.  Docket No. 147 at 12.  The relevant background is as follows.  On August 3, 2012, plaintiffs and a non-party to this lawsuit,

13

Prince Song Cambilargiu, filed a lawsuit in the District Court for the City and County of Denver, Colorado seeking, inter alia, to quiet title to the property at issue in this case (the "state court action"). *See* Docket No. 120-1 at 12-14. On October 16, 2012, Judge Herbert Stern dismissed the state court action pursuant to Colo. R. Civ. P. 12(b)(5) for failure to state a claim on which relief can be granted. *Id.* at 26. The magistrate judge found that plaintiffs' quiet title claim is identical to the claim they brought in the state court action. Docket No. 147 at 11. The magistrate judge also found that plaintiffs' declaratory judgment claim in this lawsuit is "part of the transaction, or series of connected transactions out of which the [state court] action arose," Docket No. 147 at 12 (quoting *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 609 (Colo. 2005)), and is "inextricably linked" to plaintiffs' quiet title claim in the state court action. *Id.* at 11.

Plaintiffs argue that, although they were parties to the state court action and sought quiet title to the property in that case, the cases nevertheless involve different issues. Docket No. 152 at 8-9. Specifically, plaintiffs state that, in the state court action, Prince Song Cambilargiu "sought to assist [p]laintiffs and pay off the alleged obligation to [d]efendants" which defendants rejected, and "the issue of whether the note and deed of trust was rescinded was never alleged, argued, or presented to the [state] [c]ourt." *Id.* at 9.

First, plaintiffs did not raise the argument that the two cases are different in response to US Bank's motion for summary judgment. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall*

*v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).  Second, the Court independently concludes that plaintiffs' claims satisfy the identity of cause of action element of res judicata.  Under Colorado law,[6] "[r]econsideration of a claim in a second judicial proceeding is barred by a previous judgment if (1) the first judgment is final, (2) there is identity of subject matter, (3) there is identity of claims for relief, and (4) there are identical parties or there is privity between parties to the two actions."  *Burlington Ditch Reservoir & Land Co. v. Metro Wastewater Reclamation Dist.*, 256 P.3d 645, 668 (Colo. 2011).

Plaintiffs' objection addresses only the third element, identity of claims for relief; the Court finds that the remaining elements of res judicata are satisfied.  With respect to the identity of claims element, Colorado has adopted the approach of the Restatement (Second) of Judgments, which holds that a judgment "extinguishes the plaintiff's claim, including all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."  *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 609 (Colo. 2005) (citing Restatement (Second) of Judgments § 24 (1982)) (alterations omitted).  Additionally, the Colorado Supreme Court has held that, since a quiet title action seeks "clear title to the subject property by means of a complete adjudication of the rights of all parties to the action," the parties must "raise any claims, issues or defenses that may affect the court's adjudication of rights in the subject

---

[6]US Bank analyzes the issue of res judicata under federal law.  *See* Docket No. 108 at 7.  "In the case of a state court judgment," however, "the state [claim preclusion] law where the judgment was entered . . . applies."  *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1146 (10th Cir. 2006) (citing 28 U.S.C. § 1738).

property as all rights are to be determined in a single action." *Id.* (citations omitted).

Given that the Colorado Supreme Court has indicated parties to an action seeking quiet title must raise all claims relevant to ownership of the subject property, the Court finds that plaintiffs' claims in this case concerning ownership of the property are barred by the doctrine of res judicata because they relate to "the transaction, or series of connected transactions, out of which the [state court] action arose." Restatement (Second) of Judgments § 24 (1982). Plaintiffs' purported rescission of the note and deed of trust attempts to extinguish US Bank's legal interest in the property. Similarly, the state court action, filed on August 3, 2012, sought a judgment that plaintiffs were "the owner of the Property free and clear" of US Bank. Docket No. 120-1 at 15. The alleged March 30, 2010 rescission was therefore a "claim[], issue[] or defense[] that may affect the court's adjudication of rights in the subject property." *Argus*, 109 P.3d at 609. Accordingly, the Court finds that the magistrate judge did not err in finding that plaintiffs' claims for declaratory judgment and quiet title are barred by the doctrine of res judicata. Moreover, although the magistrate judge found that plaintiffs' claim for rescission is not precluded, the Court finds that this claim, like plaintiffs' claims for quiet title and declaratory judgment, was relevant to the state court's adjudication of the rights in the subject property. *Id.*[7] Plaintiffs seek rescission

---

[7]Although US Bank did not object to the magistrate judge's finding that plaintiffs' rescission claim was not barred by the doctrine of res judicata, US Bank argued in its motion for summary judgment that all of plaintiffs' claims in this case are barred by res judicata. Docket No. 108 at 8 ("[a]ll claims in this case could have been — but were not — raised in the state court action. Summary judgment should be entered in favor of defendants on all plaintiffs' claims."). Plaintiffs' only response to US Bank's res judicata argument was that US Bank waived the argument by failing to assert res judicata as an affirmative defense. *See* Docket No. 117 at 14-15. US Bank took the position that it

on the basis that they "rescinded the Note and Deed of Trust in accordance with TILA," Docket No. 52 at 9, ¶ 52, an inquiry that was relevant to their quiet title claim in the state court action. Because the state court action was dismissed on the merits, res judicata bars plaintiffs' first claim for relief as well.[8]

Because the Court finds that all of plaintiffs' remaining claims are barred either by the doctrine of prudential standing, judicial estoppel, or res judicata, the Court does not address the Recommendation's finding that plaintiffs' first claim for relief is barred by the doctrine of judicial admission. *See* Docket No. 147 at 13-17.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Report & Recommendation on Plaintiffs' Motion for Partial Summary Judgment (Docket No. 90) and Defendant US Bank's Cross-Motion for

---

preserved res judicata by asserting the affirmative defense that plaintiffs state a claim upon which relief can be granted. Docket No. 123 at 4. In what it described as an "abundance of caution," US Bank also moved to amend its answer to assert the affirmative defense of res judicata. Docket No. 118 at 2. The magistrate judge granted US Bank's motion to file an amended answer on December 21, 2015. Docket No. 137. Plaintiffs did not request any supplemental briefing on the res judicata issue even though the magistrate judge's order mooted their only argument in response to US Bank's motion for summary judgment. Plaintiffs were, therefore, on notice that US Bank sought summary judgment as to their rescission claim on res judicata grounds and had the opportunity to respond.

[8]Plaintiffs' first claim for relief also seeks rescission of the foreclosure sale on the ground that plaintiffs received an inadequate purchase price. Docket No. 52 at 9, ¶ 53. As the magistrate judge notes, Docket No. 147 at 15, plaintiffs do not address this basis for their claim in their motion for summary judgment and offer no evidence in support of this basis for relief. *See* Docket No. 90. The magistrate judge found, based on evidence submitted by US Bank, that there is no dispute that the price paid at the foreclosure sale was fair. Docket No. 147 at 16-17. Plaintiffs do not object to this finding, and the Court finds no error in this aspect of the Recommendation.

Summary Judgment (Docket No. 108) [Docket No. 147] is **ACCEPTED** in part and **REJECTED** in part as described in this order.  It is further

**ORDERED** that plaintiffs Stanley M. Pohl and Zinaida Q. Pohl's Motion for Partial Summary Judgment [Docket No. 90] is **DENIED**.  It is further

**ORDERED** that plaintiffs Stanley M. Pohl and Zinaida Q. Pohl's Motion to Cite Additional Facts [Docket No. 155] is **GRANTED**.  It is further

**ORDERED** that defendant US Bank, as trustee for Merrill Lynch First Franklin Mortgage Loan Trust Back Certificates Series 2007-4's Cross-Motion for Summary Judgment [Docket No. 108] is **GRANTED**.  It is further

**ORDERED** that plaintiffs' first, second, third, fourth, fifth, and sixth claims for relief are dismissed with prejudice.  It is further

**ORDERED** that, within 14 days of the entry of this order, defendants may have their costs by filing a Bill of Costs with the Clerk of the Court.  It is further

**ORDERED** that this case is dismissed in its entirety.

DATED March 28, 2016.

                                    BY THE COURT:

                                    s/Philip A. Brimmer  
                                    PHILIP A. BRIMMER  
                                    United States District Judge